**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LUIS FRANCISCO GARCIA** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL NO. 5:24-cv-00049** |
| **HUB GROUB DEDICATED, LLC,** | § | |
| **HUB GROUP TRUCKING, INC.** | § | |
| **HUB GROUP, INC, UNION PACIFIC** | § | |
| **RAILROAD COMPANY, AND** | § | |
| **CHRISTOPHER DONNELL MASON** | § | |

<u>**DEFENDANTS, HUB GROUP DEDICATED, LLC, HUB GROUP TRUCKING, INC. HUB GROUP, INC., AND CHRISTOPHER DONNELL MASON'S NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

Pursuant to 28 U.S.C. §§ 1332 and 1441(a), Defendants, **HUB GROUP DEDICATED, LLC, HUB GROUP TRUCKING, INC. HUB GROUP, INC., AND CHRISTOPHER DONNELL MASON' (The "HUB Defendants")** hereby removes this action to the United States District Court for the Western District of Texas San Antonio Division from the 73rd Judicial District Court of Bexar County, Texas, stating as follows:

1.    Plaintiff, Luis Francisco Garcia, is a citizen of Texas.

2.    Plaintiff commenced this action in the 273rd 85th Judicial District Court, Bexar County, Texas, where it was given Cause No. 2023CI26022.

3.    Defendant, Christopher Donnell Mason, is a citizen of Tennessee.

4.    Defendant, **HUB GROUP TRUCKING, INC.,** the entity that employed **CHRISTOPHER DONNELL MASON** discloses that it is incorporated under the law of the State of Delaware. Its principal place of business is the State of Illinois.  Defendant **HUB Group, Inc.** is also incorporated under the laws of the State of Delaware with a principal place of business in

<span style="color:red">**EXHIBIT A**</span>

the State of Illinois. **UNION PACIFIC RAILROAD COMPANY** is incorporated under the laws of the state of Delaware with a principle place of business in the State of Nebraska. **HUB GROUP DEDICATED, LLC** is an Arizona limited liability company, and it does not have any members who are residents of Texas.

5.     Plaintiff and Defendants are citizens of different states, the Defendants are not a citizen of Texas, and the proper parties are totally diverse from Plaintiff.

6.     Defendant, HUB Group Trucking received the summons and complaint on or about December 11, 2023.

7.     A copy of all process, pleadings, and orders known in this case are attached as Exhibit A.

8.     The HUB Defendants will provide written notice of this Notice of Removal to all adverse parties and will file a copy with the Clerk of the 73rd Judicial District Court, Bexar County, Texas.

Dated: January 10, 2024

Respectfully submitted,

*/s/ Andrew K. Stamper*

ANDREW K. STAMPER
State Bar No. 24034884
**ATTORNEY FOR DEFENDANTS**

OF COUNSEL:

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6300 (Main)
Telephone: (210) 731-6310 (Stamper Direct)
Facsimile: (210) 209-8806
astamper@namanhowell.com

**EXHIBIT A**

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of January 2024, the foregoing document, was filed with the Clerk of Court using the CM/ECF system, and was served on all counsel of record via E-mail:

Ryan King
John D. Woods, Jr.
HAGOOD & KING, LLC
1520 E. Highway 6
Alice, Texas 77511
Telephone: (281) 331-5757
Facsimile: (281) 331-1105
firm@h-kfirm.com
**ATTORNEY FOR PLAINTIFF**

/s/ Andrew K. Stamper
ANDREW K. STAMPER

**EXHIBIT A**

✎JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❒ 1   U.S. Government
Plaintiff

❒ 3   Federal Question
(U.S. Government Not a Party)

❒ 2   U.S. Government
Defendant

❒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Med. Malpractice | ❒ 625 Drug Related Seizure | 28 USC 157 | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | Liability | ❒ 365 Personal Injury  - | of Property 21 USC 881 | | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 460 Deportation |
| & Enforcement of Judgment | Slander | ❒ 368 Asbestos Personal | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 470 Racketeer Influenced and |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Injury Product | ❒ 650 Airline Regs. | ❒ 830 Patent | Corrupt Organizations |
| ❒ 152 Recovery of Defaulted | Liability | Liability | ❒ 660 Occupational | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| Student Loans | ❒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❒ 490 Cable/Sat TV |
| (Excl. Veterans) | ❒ 345 Marine Product | ❒ 370 Other Fraud | ❒ 690 Other | | ❒ 810 Selective Service |
| ❒ 153 Recovery of Overpayment | Liability | ❒ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | Exchange |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | Property Damage | Act | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge |
| ❒ 190 Other Contract | Product Liability | ❒ 385 Property Damage | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Product Liability | ❒ 730 Labor/Mgmt.Reporting | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | | & Disclosure Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate | ❒ 790 Other Labor Litigation | ❒ 870 Taxes (U.S. Plaintiff | ❒ 893  Environmental Matters |
| ❒ 220 Foreclosure | ❒ 442 Employment | Sentence | ❒ 791 Empl. Ret. Inc. | or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ | **Habeas Corpus:** | Security Act | ❒ 871 IRS—Third Party | ❒ 895 Freedom of Information |
| ❒ 240 Torts to Land | Accommodations | ❒ 530 General | | 26 USC 7609 | Act |
| ❒ 245 Tort Product Liability | ❒ 444 Welfare | ❒ 535 Death Penalty | **IMMIGRATION** | | ❒ 900Appeal of Fee Determination |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | ❒ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❒ 550 Civil Rights | ❒ 463 Habeas Corpus - | | to Justice |
| | ❒ 446 Amer. w/Disabilities - | ❒ 555 Prison Condition | Alien Detainee | | ❒ 950 Constitutionality of |
| | Other | | ❒ 465 Other Immigration | | State Statutes |
| | ❒ 440 Other Civil Rights | | Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

❒ 1   Original
Proceeding

❒ 2   Removed from
State Court

❒ 3   Remanded from
Appellate Court

❒ 4   Reinstated or
Reopened

❒ 5   Transferred from
another district
(specify)

❒ 6   Multidistrict
Litigation

❒ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII.  REQUESTED IN
COMPLAINT:

❒   CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❒ Yes   ❒ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## EXHIBIT A

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

## EXHIBIT A

**IN THE UNITED STATES DISTICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LOUIS FRANCISCO GARCIA** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 5:24-CV-00049** |
| | § | |
| **HUB GROUP DEDICATED, LLC,** | § | |
| **HUB GROUP TRUCKING, INC.,** | § | |
| **HUB GROUP, INC., UNION PACIFIC** | § | |
| **RAILROAD COMPANY, AND** | § | |
| **CHRISTOPHER DONNELL MASON** | § | |

<u>**SUPPLEMENT TO JS 44 CIVIL COVER SHEET**</u>

**WAS A JURY DEMAND MADE IN STATE COURT?    YES OR NO?**

Yes

**IF "YES," BY WHICH PARTY AND WHAT DATE?**

Plaintiff on December 8, 2023

**STYLE OF ORIGINAL PETITION:**

Cause No. 2023CI26022; *Luis Francisco Garcia v. Hub Group Dedicated, LLC, Hub Group Trucking, Inc., Hub Group, Inc., Union Pacific Railroad Company, and Christopher Donnell Mason;* In the 73rd Judicial District Court, Bexar County Texas

**Please underline all Plaintiffs, Defendants, and Intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address, and phone number, including the area code.**

    **1.) <u>LUIS FRANCISCO GARCIA - PLAINTIFF</u>**

    Ryan King
    State Bar No.: 24073263
    John D. Woods, Jr.
    State Bar No.: 24067950
    HAGOOD & KING, LLC
    1520 E. Highway 6
    Alvin, Texas 77511
    Phone: (281) 331-5757
    Fax: (281) 331-1105
    firm@h-kfirm.com

**EXHIBIT A**

**2.) <u>HUB GROUP DEDICATED, LLC, HUB GROUP TRUCKING, INC., HUB GROUP, INC., AND CHRISTOPHER DONNELL MASON - DEFENDANTS</u>**

Andrew K. Stamper
State Bar No.: 24034884
Naman Howell Smith & Lee, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6339
Facsimile: (210) 785-2911
astamper@namanhowell.com

**3.) <u>UNION PACIFIC RAILROAD COMPANY</u>**

Defendant has not answered state court case at this time and has no attorney of record.

**COUNTERCLAIMS, CROSS-CLAIMS AND/OR THIRD-PARTY CLAIMS**

**(Please list separately, each Counterclaim, Cross-Claim, or Third-Party Claim still remaining in the case, and designate the nature of such claim. For each Counterclaim, Cross-Claim or Third-Party Claim, please include all Plaintiffs, Defendants, and Intervenors still remaining in the case. Also list the attorneys of record for each party named, and include the attorney's firm name, filing address, and phone number, including the area code.)**

| <u>Party</u> | <u>Attorney</u> |
|---|---|
| None Known. | None |

Respectfully submitted,

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6339
Facsimile: (210) 785-2911

By: /s/ *Andrew K. Stamper*
    ANDREW K. STAMPER
    State Bar No. 24034884
    astamper@namanhowell.com
    **ATTORNEYS FOR DEFENDANTS, HUB GROUP TRUCKING, INC.), HUB GROUP DEDICATED, LLC, HUB GROUP, INC. AND CHRISTOPHER DONNELL MASON**

**<span style="color:red">EXHIBIT A</span>**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of January 2024, the foregoing document, was filed with the Clerk of Court using the CM/ECF system, and was served on all counsel of record via E-mail:

Ryan King
John D. Woods, Jr.
HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
Phone: (281) 331-5757
Fax: (281) 331-1105
firm@h-kfirm.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Andrew K. Stamper*
ANDREW K. STAMPER

**EXHIBIT A**

# EXHIBIT A

EXHIBIT A

FILED
12/8/2023 6:44 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Victoria Angeles
Bexar County - 73rd District Court

5 cits pps sac 4

NO. **2023CI26022**

| | | |
|---|---|---|
| LUIS FRANCISCO GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| HUB GROUP DEDICATED, LLC, | § | |
| HUB GROUP TRUCKING, INC., | § | |
| HUB GROUP, INC., UNION PACIFIC | § | |
| RAILROAD COMPANY, AND | § | |
| CHRISTOPHER DONNELL MASON | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Luis Francisco Garcia, hereinafter referred to as Plaintiff, complaining of Hub Group Dedicated, LLC, Hub Group Trucking, Inc., Hub Group, Inc., Union Pacific Railroad Company, and Christopher Donnell Mason, hereinafter referred to as Defendants, and would respectfully show the Court as follows:

1.      Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, 190.4.

2.      Plaintiff is a resident citizen of Webb County, Texas.

3.      Defendant, Hub Group Dedicated, LLC, is a foreign limited liability company authorized to do business in the State of Texas and may be served by serving its Registered Agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant, Hub Group Trucking, Inc., is a foreign corporation organized under the laws of Delaware and authorized to conduct business in the State of Texas and may be served by serving its Registered Agent, Corporation Service Company dba

**EXHIBIT A**

CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.    Defendant, Hub Group, Inc., is a foreign corporation organized under the laws of Delaware and authorized to conduct business in the State of Texas and may be served by serving its Registered Agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.    Defendant, Union Pacific Railroad Company, is a foreign corporation organized under the laws of Delaware and authorized to conduct business in the State of Texas and may be served by serving its Registered Agent, C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.    Defendant, Christopher Donnell Mason, is a nonresident of the State of Texas and was involved in a collision while operating a motor vehicle in the State of Texas.  As such, service may be effectuated on this nonresident Defendant under the Texas Long-Arm Jurisdiction statute. *See* Texas Civil Practice & Remedies Code, Chapter 17, Subchapter D § 17.061, 17.062, 17.063 and 17.064.  Under these circumstances, The Chairman of the Texas Transportation Commission is an agent for service of process on Defendant, Christopher Donnell Mason because the cause of action alleged herein arises out of acts and omissions of Christopher Donnell Mason occurring in the State of Texas, while operating a motor vehicle.  Christopher Donnell Mason may be served with service of process by serving The Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., 125 E. 11th Street, Austin, Texas 78701-2483. The Chairman of the Texas Transportation Commission shall mail to the

**EXHIBIT A**

nonresident a copy of the process and notice that the process has been served on the Chairman by registered mail, or by certified mail, return receipt requested, with postage prepaid, to Christopher Donnell Mason, 3626 Whitehill Dr., Memphis, TN 38135.

8.     This Court has jurisdiction over this case because this cause of action is for negligence and the subject matter of this lawsuit and the amount in controversy are all within the jurisdictional limits of this Court. Further, venue is proper in this Court because Defendant, Christopher Donnell Mason, was at the time of the incident in question a resident citizen of San Antonio, Bexar County, Texas. Because Defendant, Christopher Donnell Mason, was a resident of the State of Texas at the time of the incident in question, pursuant to the "in state defendant barrier" rule, there is no federal court jurisdiction available by removal. 28 U.S.C. Section 1441(b)(2). Further, pursuant Section 15.005 TCPRC, when venue is established against one defendant, the Court has venue regarding all defendants in claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. Thus, the Court has jurisdiction and venue to hear this case.

9.     It has become necessary for your Plaintiff to file this lawsuit to recover compensatory damages as a result of a motor-vehicle collision that occurred on or about December 20, 2021, in La Salle County, Texas. On such date, Defendant, Christopher Donnell Mason, was operating a tractor-trailer rig (CMV) on IH-35 when he negligently struck the tractor-trailer rig operated by Plaintiff, causing the collision in question and Plaintiff's resulting injuries and damages. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be

**EXHIBIT A**

obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

10.    At all times material, Defendants, Hub Group Dedicated, LLC, Hub Group Trucking, Inc., Hub Group, Inc., and/or Union Pacific Railroad Company, are thought to be the employers and/or owners and/or motor carriers, as applicable and as the evidence will reveal, of the tractor-trailer rig (CMV) that Defendant, Christopher Donnell Mason, was operating at the time and on the occasion in question. The Defendant driver, Christopher Donnell Mason, is thought to have been operating said CMV within the course and scope of his authority, agency and/or employment and in furtherance of the business affairs of Defendants, Hub Group Dedicated, LLC, Hub Group Trucking, Inc., Hub Group, Inc., and/or Union Pacific Railroad Company, as the evidence will show, and as an employee and/or statutory employee. Thus, Plaintiff invokes the legal doctrine of vicarious liability and respondeat superior to establish liability, responsibility and accountability on Defendants, Hub Group Dedicated, LLC, Hub Group Trucking, Inc., Hub Group, Inc., and/or Union Pacific Railroad Company, for the acts and/or omissions of negligence and malfeasance of Defendant, Christopher Donnell Mason, that proximately caused the occurrence in question and Plaintiff's injuries and damages. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or

**EXHIBIT A**

supplement as allowed by the Texas Rules of Civil Procedure.

11.    Plaintiff alleges that at the time and on the occasion in question, the Defendant driver, Christopher Donnell Mason, committed acts and/or omissions of negligence that proximately caused the occurrence in question and Plaintiff's injuries and damages. The acts and/or omissions are, singularly or in combination, as follows:

a)    Failure to control speed;

b)    Failure to keep a proper lookout;

c)    Failure to timely apply brakes;

d)    Failure to maintain an assured clear distance;

e)    Failure to control the CMV to avoid a collision;

f)    Failure to drive in single marked lane of traffic (negligence per se);

g)    Failure to yield the right of way;

h)    Distracted driving;

i)    Driver inattention; and/or

j)    Violations of applicable provisions of the Federal and State Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show, driver qualification, medical condition, hours of service, vehicle and equipment (negligence per se).

Such acts and/or omissions, singularly or in combination, as applicable and as the evidence will reveal, constitute negligence and negligence per se and such negligence proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery

Page 5

EXHIBIT A

efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

12.    Plaintiff also alleges that Defendants, Hub Group Dedicated, LLC, Hub Group Trucking, Inc., Hub Group, Inc., and Union Pacific Railroad Company, committed acts and/or omissions of negligent entrustment and/or negligence in providing the means for the Defendant driver, Christopher Donnell Mason, to be entrusted and/or provided the CMV in question to an incompetent, unsafe, dangerous or reckless driver, along with applicable violations of the Federal and State Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show, driver qualification, medical condition, hours of service, vehicle and equipment (negligence per se). Such negligence, negligent entrustment, and negligence per se, singularly or in combination and as the evidence will reveal, proximately caused the collision in question and the injuries and damages suffered by Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

13.    As a result of the acts and/or omissions of negligence of Defendants referenced above, your Plaintiff, Luis Francisco Garcia, alleges that he sustained physical injuries and damages from which he now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical

**EXHIBIT A**

impairment, disfigurement, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future. Plaintiff, Luis Francisco Garcia, sues for monetary relief for damages in excess of the minimum jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00.

14.    The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

15.    Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final hearing Plaintiff does have and recover of, from and against the Defendants, jointly and severally, his compensatory damages as referenced above all in amounts in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interest, costs of court, trial by jury, and for such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,
HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
*E-Service Email: firm@h-kfirm.com

BY:    /s/ Ryan King
       RYAN KING
       SBN 24073263
       JOHN D. WOODS, JR.
       SBN 24067950
       Attorneys for Plaintiff

*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.

Page 7

**EXHIBIT A**

FILED
12/29/2023 2:19 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Tammy Williams
Bexar County - 73rd District Court

Case 5:24-cv-00049-OLG    Document 8-3    Filed 01/12/24    Page 17 of 24

## CAUSE NO. 2023CI26022

| | | |
|---|---|---|
| **LOUIS FRANCISCO GARCIA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **73rd JUDICIAL DISTRICT** |
| | § | |
| **HUB GROUP DEDICATED, LLC,** | § | |
| **HUB GROUP TRUCKING, INC.,** | § | |
| **HUB GROUP, INC., UNION PACIFIC** | § | |
| **RAILROAD COMPANY, AND** | § | |
| **CHRISTOPHER DONNEL MASON** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES HUB GROUP TRUCKING, INC. ("HUB GROUP"), HUB GROUP DEDICATED, LLC, HUB GROUP, INC. AND CHRISTOPHER DONNEL MASON, Defendants in the above-styled and numbered cause, and files its Defendants' Original Answer, and for good cause would respectfully show unto the Court as follows:

## I. GENERAL DENIAL

Subject to such stipulations and admissions as may hereinafter be made, Defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations made against them by a preponderance of the evidence, as is required by the Constitution and laws of the State of Texas.

## II. IMPROPER PARTIES

Without waiving and while still relying on the above general denial, Defendants would show that HUB GROUP DEDICATED, LLC, HUB GROUP, INC. are not liable in the capacity in which they have been sued and are improperly named as Defendants herein. To this end, HUB GROUP DEDICATED, LLC, HUB GROUP, INC. were not part of the lease or ownership of the

**EXHIBIT A**

vehicles(s) in question and did not employ, train, supervise, or contract with Christopher Donnel Mason.

### III.   AFFIRMATIVE DEFENSES

Subject to, and without waiving the foregoing Defendants' General Denial, Defendants assert the following:

Defendants plead and invoke the provisions and limitations of Chapter 41, §41.0105, Tex. Civ. Prac. & Rem. Code, which limits the recovery of Plaintiff's alleged medical and/or health care expenses to the amount of reasonable and necessary medical and/or health care expenses to those that were actually paid or incurred by or on behalf of each Plaintiff, and/or accepted, rather than the total of the charged medical expenses, both past and future, if any.

Pleading in the alternative, should same be necessary and without waiving any of the above, Defendants plead and assert they are entitled to a credit and/or offset against any medical and/or health care expense damage award for amounts not charged, amounts written off or discounted, or any event, in an amount equal to the difference between the total charges claimed by Plaintiff and the sum which was actually paid and accepted as payment in full by Plaintiff's medical provider(s).

Defendants further plead and assert the provisions and limitations of Chapter 18, §18.091, Tex. Civ. Prac. & Rem. Code, in response to Plaintiff's claim for the recovery of alleged past lost wages and/or future loss of wage-earning capacity damages and other related damages, if any.

Defendants further plead and assert that to the extent Plaintiff claims any past and/or future economic losses, as that term is understood under Texas law, such alleged loss must be presented to the Jury in the form of net loss in accordance with Section 18.091 of the Texas Civil Practices & Remedies Code.  Defendants invoke the provision of the Texas Civil Practice and Remedies

**EXHIBIT A**

Code, to the extent such is necessary.

Pleading further, Defendants assert that in the unlikely event Plaintiff is found to be entitled to any damages in this case, which is denied, then Plaintiff is not entitled to recover prejudgment interest on any future damages.

Pleading further, Defendants assert that in the unlikely event Plaintiff is found to be entitled to any damages in this case, which is denied, then any prejudgment interest is limited by the provisions of Texas Finance Code Annotated, § 304.101, *et. seq.*

Pleading further, Defendants further assert that in the unlikely event Plaintiff is found to be entitled to any damages in this case, which is denied, then any post-judgment interest is limited by the provisions of Texas Finance Code Annotated, § 304.003(c).

## IV.    JURY DEMAND

Defendant hereby demands a trial by jury.

## V.    RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the documents at any pretrial proceeding and/or at the trial of this matter, without necessity of authenticating the document and/or materials produced in discovery.

## VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants HUB GROUP TRUCKING, INC., HUB GROUP DEDICATED, LLC, HUB GROUP, INC. AND CHRISTOPHER DONNEL MASON pray that upon final trial hereof, that Plaintiff take nothing from Defendants, but that Defendants goes hence without day and recover Defendants' costs in their behalf expended, and

## EXHIBIT A

for such other and further relief, both at law and in equity, to which Defendants, HUB GROUP

TRUCKING, INC., HUB GROUP DEDICATED, LLC, HUB GROUP, INC. AND

CHRISTOPHER DONNEL MASON, may show themselves to be justly entitled.

Respectfully submitted,

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210)731-6339
Facsimile: (210)785-2911

By: /s/ Andrew K. Stamper

       ANDREW K. STAMPER
       State Bar No. 24034884
       astamper@namanhowell.com
       **ATTORNEYS FOR DEFENDANTS,**
       **HUB GROUP TRUCKING, INC.), HUB**
       **GROUP DEDICATED, LLC, HUB**
       **GROUP, INC. AND CHRISTOPHER**
       **DONNEL MASON**

**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel for Plaintiffs on this the 29th of December, 2023:

Ryan King
John D. Woods, Jr.
HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
     **ATTORNEYS FOR PLAINTIFF**

_/s/ Andrew K. Stamper_

ANDREW K. STAMPER

**EXHIBIT A**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Stamper
Bar No. 24034884
astamper@namanhowell.com
Envelope ID: 82960269
Filing Code Description: ORIGINAL ANSWER OF
Filing Description: HUB GROUP TRUCKING, INC, HUB GROUP DEDICATED, LLC, HUB GROUP, INC AND CHRISTOPHER DONNEL MASON
Status as of 12/29/2023 2:50 PM CST

Associated Case Party: LUISFRANCISCOGARCIA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan King | | firm@h-kfirm.com | 12/29/2023 2:19:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew K.Stamper | | astamper@namanhowell.com | 12/29/2023 2:19:20 PM | SENT |
| Laura Aguilar | | laguilar@namanhowell.com | 12/29/2023 2:19:20 PM | SENT |

**EXHIBIT A**

# 73rd District Court

# Case Summary

## Case No. 2023CI26022

| | | |
|---|---|---|
| **LUIS FRANCISCO GARCIA VS HUB GROUP DEDICATED, LLC ET AL** | § <br> § <br> § | Location: **73rd District Court** <br> Judicial Officer: **73rd, District Court** <br> Filed on: **12/08/2023** |

---

## Case Information

|  |  |
|---|---|
| Case Type: | MOTOR VEHICLE ACCIDENT |
| Case Status: | **12/08/2023  Pending** |

---

## Assignment Information

**Current Case Assignment**

Case Number     2023CI26022
Court                   73rd District Court
Date Assigned     12/08/2023
Judicial Officer   73rd, District Court

---

## Party Information

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **GARCIA, LUIS FRANCISCO** | **KING, RYAN** *Retained* |
| **Defendant** | **HUB GROUP DEDICATED, LLC** | **STAMPER, ANDREW K** *Retained* |
| | **HUB GROUP TRUCKING, INC.** | **STAMPER, ANDREW K** *Retained* |
| | **HUB GROUP, INC.** | **STAMPER, ANDREW K** *Retained* |
| | **MASON, CHRISTOPHER DONNELL** | **STAMPER, ANDREW K** *Retained* |

**EXHIBIT A**

## Events and Orders of the Court

12/08/2023    New Cases Filed (OCA)

12/08/2023    PETITION

12/11/2023    **Citation**
HUB GROUP DEDICATED, LLC
Served: 12/11/2023
HUB GROUP TRUCKING, INC.
Served: 12/11/2023
HUB GROUP, INC.
Served: 12/11/2023
UNION PACIFIC RAILROAD COMPANY
Unserved
MASON, CHRISTOPHER DONNELL
Served: 12/11/2023

12/13/2023    RETURN OF SERVICE - SUCCESSFUL
*Christopher Donnell Mason*

12/13/2023    RETURN OF SERVICE - SUCCESSFUL
*Hub Group Dedicated, LLC*

12/13/2023    RETURN OF SERVICE - SUCCESSFUL
*Hub Group, Inc.*

12/13/2023    RETURN OF SERVICE - SUCCESSFUL
*Hub Group Trucking, Inc.*

12/29/2023
ORIGINAL ANSWER OF
*HUB GROUP TRUCKING, INC, HUB GROUP DEDICATED, LLC, HUB GROUP, INC AND CHRISTOPHER DONNEL MASON*

01/03/2024    RULE 11 AGREEMENT

01/08/2024    ATTORNEY UNAVAILABILITY NOTICE FILED FOR
*Ryan King*

01/10/2024    NOTICE
*RE: SERVICE OF DOCUMENTS AND DATA AND COURT ADVISORY*

**EXHIBIT A**